

**U.S. Department of Justice**
**Tax Division**

*Northern Criminal Enforcement Section*
*P.O. Box 972, Ben Franklin Station*     202) 616-2245
*Washington, D.C. 20044*     *Telefax·* *(202) 616-1786*

March 26, 2008

**By Facsimile: (202) 208-0356**

Rita Bosworth, Esq.
Federal Defender
625 Indiana Avenue, NW
Suite 550
Washington, DC  20004

FILED
APR 30 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   **United States v. Lizzette Beaty**
      **Cr. No. 08–** 098 (EGS)

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Lizzette Beaty. This offer is by the Tax Division of the U.S. Department of Justice (the "Office"). The terms of the offer are as follows:

1.   **Charges:** Pursuant to Fed. R. Crim. P. 11(c)(1)(a), Ms. Beaty agrees to waive her right to a trial and plead guilty to the Information charging violation of Title 26 U.S.C. § 7206(1) Filing a False Tax Return for 2004 through 2006. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

2.   **Penalties and assessments:** The Information charges Ms. Beaty with one count of filing a false tax return in violation of Title 26, United States Code § 7206(1) for 2004 through 2006, which carries a maximum sentence of three years' imprisonment; a maximum fine, pursuant to Title 18 United States Code § 3571, of the greatest of $250,000, twice the pecuniary gain derived from the offense, or twice the gross pecuniary loss to the United States; a $100 special assessment; supervised release of up to one year; and the costs of prosecution. Ms. Beaty agrees that the Court also may impose an order of restitution.

3.   **Agreement**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B) the parties agree that the tax loss in this case is greater than $2,000 and less than $5,000. The parties agree that the Court shall sentence Ms. Beaty after consideration of the factors contained in 18 U.S.C. § 3553(a), and the Court is obligated to calculate and consider, but is not bound by, the United States Sentencing Guidelines (2006). The government agrees that Ms. Beaty has demonstrated a recognition and an affirmation of personal responsibility for her criminal conduct, and provided she continues to do

- 2 -

so, will be entitled, pursuant to Sentencing Guideline §3E1.1(a), to a two-level reduction in her offense level for acceptance of responsibility.

It is understood that Ms. Beaty shall pay the Internal Revenue Service ("IRS") taxes due and owing thereon for the calendar years 2004 through 2006, to include interest and penalties, through a payment plan to be agreed to by Ms. Beaty and the IRS. Beaty also agrees to pay all state and local taxes due and owing. Ms. Beaty agrees to pay the special assessment of $100 within ten (10) days of sentencing by cashier's check or certified check made payable to Clerk, United States District Court for the District of Columbia. Ms. Beaty further agrees that payment of tax due and owing, plus interest, for her taxes due, as set forth above, does not compromise the IRS's ability to assess and collect civil taxes and penalties, and she will cooperate and assist the IRS in any civil or administrative procedures, and file any and all corrected outstanding U.S. tax returns due from her, and pay outstanding taxes due and owing, on terms as agreed to with the IRS, as a condition of her supervised release.

In consideration of her guilty plea to the above offense, Ms. Beaty will not be further prosecuted criminally by this Office for any crimes described in Paragraph 2 of this agreement. This agreement does not provide any protection against prosecution except as set forth above.

4.      **Waiver of Rights:**  Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Beaty expressly warrants that she has discussed these rules with her counsel and understands them. Ms. Beaty voluntarily waives and gives up the rights enumerated in Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410. Ms. Beaty understands and agrees that any statements that she makes in the course of her guilty plea or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

Ms. Beaty waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that either (1) Ms. Beaty's conviction is later vacated for any reason or (2) Ms. Beaty violates this agreement. Ms. Beaty agrees that with respect to all charges referred to in the indictment, she is not a "prevailing party" within the meaning of the "Hyde Amendments," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. Ms. Beaty further agrees not to file any claims under that law or claims of any other type against the Department of Justice, or any components of the Department, including the U.S. Attorney's Office, or against the Treasury Department or any components of the department, including the IRS, or against any personnel of those departments and component offices or agencies, based on the conduct during the investigation and prosecution of this case.

Ms. Beaty hereby acknowledges that she is accepting this plea agreement and deciding to plead guilty because she is in fact guilty. By entering this plea of guilty, she waives any and all

3147648 11

- 3 -

right to withdraw her plea or to attack her conviction, either on appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this agreement.

     5.     **Restitution**: Ms. Beaty agrees to pay her taxes due and owing, as terms as determined by the IRS and Ms. Beaty, as restitution pursuant to the terms of her sentence. Ms. Beaty agrees that the Court will order restitution pursuant to 18 U.S.C. §§ 3663, 3664 and 3583.

     6.     **Court is Not Bound:** Ms. Beaty understands that the Guidelines in this case are advisory, and the Court must consider the guidelines in conjunction with the factors set forth in 18 U.S.C. § 3553. Ms. Beaty understands that, except as set forth in Paragraph 3, supra, no promises or understandings exist between this Office and Ms. Beaty with respect to the application of those Guidelines to this case.

     It is understood that the sentence to be imposed upon the Ms. Beaty is determined solely by the Court. This Office cannot, and does not, make any promises or representations as to what sentence Ms. Beaty will receive. Moreover, it is understood that Ms. Beaty will have no right to withdraw her plea of guilty based upon the sentence imposed by the Court.

     7.     **Cooperation**: It is understood that the Ms. Beaty may choose to cooperate with law enforcement, and in so doing (a) shall truthfully and completely disclose all information with respect to the activities of herself and others concerning all matters about which this Office inquires of her, which information can be used for any purpose; (b) shall cooperate fully with this Office, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests her presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of her; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request her testimony; (f) shall bring to this Office's attention all crimes which she has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which she has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance Ms. Beaty may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

     It is understood that the sentence to be imposed upon Ms. Beaty is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence Ms. Beaty will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Department and the Court of (a) this

3147648.11

- 4 -

Agreement; (b) the nature and extent of Ms. Beaty's activities with respect to this case and all other activities of Ms. Beaty which this Office deems relevant to sentencing; and (c) the nature and extent of Ms. Beaty's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by Ms. Beaty both prior to and subsequent to the signing of this Agreement. In addition, if this Office, in its sole discretion, determines that Ms. Beaty has provided substantial assistance in an investigation or prosecution, and if she has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, requesting the Court to sentence Ms. Beaty in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on Ms. Beaty remains within the sole discretion of the Court. Moreover, nothing in this Agreement limits this Office's right to present any facts and make any arguments relevant to sentencing to the Probation Department and the Court, or to take any position on post-sentencing motions. Ms. Beaty hereby consents to such adjournments of her sentence as may be requested by this Office.

8. **Breach of Agreement:** Ms. Beaty agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach: (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence (for example, should your client commit any conduct after the date of this agreement – examples of which include but are not limited to, obstruction of justice and false statements to law enforcement agents, the probation office or the Court – the government is free under this agreement to seek an increase in sentencing based on that post-agreement conduct); (b) Ms. Beaty will not have the right to withdraw the guilty plea; (c) Ms. Beaty shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Beaty, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by it pursuant to this agreement.

In the event of such breach, any such prosecutions of Ms. Beaty not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against her in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations in the interval between now and the commencement of such prosecutions. Ms. Beaty knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

9. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Beaty, and the Office.

3147648 11

- 5 -

This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving Ms. Beaty, including, but not limited to, proceedings by the IRS.

If the foregoing terms and conditions are satisfactory, Ms. Beaty may indicate her assent by signing the agreement in the space indicated below and returning the original to the Office once it has been signed by Ms. Beaty and her counsel.

Date: 4/30/08

KAREN E. KELLY
MARK DALY
TRIAL ATTORNEYS
U.S. Department of Justice
Tax Division, Criminal Enforcement Section
601 D Street, N.W.
Washington, D.C. 20530

Date: 4/30/08

LIZZETTE BEATY
DEFENDANT

On behalf of Ms. Beaty, I have read this plea agreement and have discussed it with her. Ms. Beaty does this voluntarily of her own free will, intending to be legally bound. No threats have been made to Ms. Beaty and she is pleading guilty because Ms. Beaty is in fact guilty of the offenses identified in paragraph one.

Date: 4/30/08

Rita Bosworth, Esq.

3147648.11